UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

UNITED STATES OF AMERICA    )
    )
    )
v.    )      Case No. 1:00-cr-153
    )      Judge Edgar
    )
AARON CHRISTOPHER BELL    )

## MEMORANDUM AND ORDER

Federal prisoner Aaron Christopher Bell ("Bell") has filed a *pro se* petition for writ of mandamus seeking post-conviction relief. [Doc. No. 22]. After reviewing the record, the Court concludes that the petition is **DENIED**.

**I.    Background**

On November 28, 2000, a federal grand jury in Chattanooga, Tennessee, returned a three-count indictment against Bell who was then a citizen and resident of the City of Chattanooga. On July 9, 2001, Bell executed a plea agreement. He agreed to plead guilty to Count One of the indictment. Count One charged that on or about November 9, 1999, in the Eastern District of Tennessee, Bell violated 18 U.S.C. §§ 922(g)(1), 924(e)(1), and 3665. It was charged that Bell, having previously been convicted of a felony, knowingly possessed in and affecting commerce, a firearm, a Smith & Wesson Model 686 .357 caliber magnum revolver.

The plea agreement set forth the facts supporting the guilty plea. Bell admitted to the following facts. On the night of November 9, 1999, at approximately 1:00 a.m., officers of the City of Chattanooga Police Department noticed a 1994 Chevrolet Camaro being driven by Bell in a suspicious and erratic manner, i.e. driving away from local businesses with the lights out, and then

1

only with parking lights visible. Upon stopping the automobile, the police officers determined that the driver, Bell, was operating the vehicle on a revoked driver's license. Bell was placed under arrest. During a routine pat-down search of Bell, the officers discovered a pipe commonly used for smoking cocaine base (crack) in the pocket of Bell's coat jacket.

Officers also noticed and seized from inside the passenger compartment of the automobile a firearm, namely the Smith & Wesson Model 686 .357 caliber magnum revolver, which was loaded with five rounds of ammunition. The firearm was manufactured outside the State of Tennessee, and the firearm had traveled in and affecting interstate commerce. The firearm functioned as it was designed and was capable of firing the ammunition. During a further search of the automobile's passenger compartment, police officers found a packet containing four "rocks" of crack cocaine located underneath the driver's seat. Prior to his possession of the firearm and arrest on November 9, 1999, Bell had been convicted of numerous prior felonies in the Tennessee state courts in Hamilton County, Tennessee.

On October 22, 2001, this Court sentenced Bell to be committed to the custody of the Bureau of Prisons to be imprisoned for a total of 200 months to be followed by a term of supervised release for five years. He was sentenced as an armed career criminal under 18 U.S.C. § 924(e)(1). The judgment of conviction was entered on October 29, 2001. [Doc. No. 20]. Bell did not take a direct appeal from the judgment of conviction. He has never filed a motion for post-conviction relief under 28 U.S.C. § 2255 or a petition for writ of habeas corpus under 28 U.S.C. § 2241.

## II.    Petition for Writ of Mandamus

In late June 2008, federal prisoner Bell filed a *pro se* petition for writ of mandamus in the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit assigned it Case Docket No.

08-5810.  On August 5, 2008, the Sixth Circuit entered an order dismissing the petition.  The Sixth

Circuit has returned jurisdiction over Bell's case to this District Court.

It appears that Bell double-filed the same petition for writ of mandamus in both the Sixth

Circuit and in this District Court.  On July 11, 2008, Bell filed a *pro se* document captioned

MOTION FOR WRIT OF MANDAMUS" in this District Court.  [Doc. No. 22].  The motion is

styled as being filed in the United States District Court for the Eastern District of Tennessee at

Chattanooga but it contains two different case docket numbers.

The style of the motion lists the Sixth Circuit's Case No. 08-5810.  The style of the motion

also contains the language "Originating Case No. 00-00153-1."  The Court infers that this particular

case number is intended by Bell to refer to his underlying criminal case in this District Court which

is docketed as Case No. 1:00-cr-153-001.  Bell derived or obtained the "Originating Case No. 00-

00153-1" from the docketing procedures utilized by the Sixth Circuit.

In his instant petition for writ of mandamus [Doc. No. 22], Bell for the first time raises the

argument that his indictment and judgment of conviction violate the Constitution of the United

States.  Bell contends that the indictment returned by the federal grand jury and the judgment of

conviction are void on the ground of lack of federal territorial jurisdiction and subject matter

jurisdiction.  Bell floats the theory that he should never have been indicted and convicted because

he asserts that this District Court lacked jurisdiction over the criminal offenses charged in the

indictment since the offenses did not take place on land or property owned or controlled by the

United States of America.  Bell asserts that the criminal jurisdiction of the United States of America

only extends to "federal areas" within the states.

On page 3 of his mandamus petition, Bell requests that "documentation be proven by

3

legislative tribunal to establish the required exclusive, and territorial jurisdiction" showing: (1) the ownership of each geographic location mentioned in the indictment where the alleged criminal activity occurred; and (2) that the legislature of the State of Tennessee "surrendered" jurisdiction over those geographic locations to the United States of America. Absent the production of such "legislative documentation," Bell demands that the indictment be dismissed, the judgment of conviction be vacated, and a writ of habeas corpus be issued releasing him from federal imprisonment.

On page 4 of his petition, Bell requests that a writ of mandamus be issued because he claims the United States Attorney and this District Court are unable to prove there exists federal territorial jurisdiction and subject matter jurisdiction. Bell seeks a writ of mandamus for the purpose of dismissing the indictment and "lifting" (vacating) the judgment of conviction. He also wants the District Court to transfer venue of the criminal charges in the indictment to the State of Tennessee for prosecution on the theory that only the State of Tennessee has territorial jurisdiction and subject matter jurisdiction.

III.   **Analysis**

This Court agrees with and follows the Sixth Circuit's decision to dismiss Bell's petition for writ of mandamus as frivolous. The mandamus petition filed in the District Court [Doc. No. 22] will be denied for the same reasons expressed by the Sixth Circuit in its August 5, 2008 order.

Generally, 28 U.S.C. § 2255 is the exclusive avenue for a federal prisoner to collaterally attack and challenge the legality of a judgment of conviction. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Bell has not timely made a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. The statute of limitations for federal prisoner Bell to file a motion for post-

conviction relief under 28 U.S.C. § 2255 has elapsed.  At this juncture, a motion by Bell for post-conviction relief pursuant to § 2255 would be time-barred by the limitations period in § 2255(f).

In a futile effort to circumvent and evade the § 2255(f) statute of limitations, Bell now seeks collateral post-conviction relief or habeas relief by way of a petition for writ of mandamus.  This he cannot do.  A petition for writ of mandamus cannot do service for a 28 U.S.C. § 2255 proceeding. In sum, this Court has no authority and jurisdiction to issue a writ of mandamus to grant post-conviction relief or habeas relief to Bell outside the confines of a 28 U.S.C. § 2255 proceeding.  A writ of mandamus cannot be utilized to dismiss the indictment against Bell after a final judgment of conviction has been entered.  Moreover, a writ of mandamus cannot be utilized to vacate the final judgment of conviction in Bell's case and order that he be released from federal imprisonment. These are issues and matters that can only be raised and addressed under either 28 U.S.C. § 2255 or possibly 28 U.S.C. § 2241.

The authority of federal courts to issue writs of mandamus is derived from the All Writs Act, 28 U.S.C. § 1651.  *In re Parker*, 49 F.3d 204, 206 (6th Cir. 1995).  Mandamus is defined as "[a] writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly."  *Coles v. Granville*, 448 F.3d 853, 861 n. 2 (6th Cir. 2006) (citing *Black's Law Dictionary* p. 973 (7th ed. 1999).  Mandamus is a drastic remedy, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought.  *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661-62 (1978); *Kerr v. United States District Court*, 426 U.S. 394, 402-03 (1976); *Raney v. United States*, 211 F.3d 1270 (Table, text in 2000 WL 571901, * 2 (6th Cir. May 4, 2000)); *Parker*, 49 F.3d at 206; *In re NLO, Inc.*, 5 F.3d 154, 155-56 (6th Cir. 1993); *In re American President Lines, Ltd.*, 929 F.2d 226, 227 (6th Cir. 1991).

As a general rule, petitions to issue writs of mandamus to lower or inferior courts are disfavored. *Parker*, 49 F.3d at 206.

This Court concludes that Bell has not met his burden of showing that such extraordinary circumstances exist in the instant case. Bell has not demonstrated a clear and indisputable right to the specific mandamus relief he seeks. As the Sixth Circuit explains in its August 5, 2008 order dismissing the companion mandamus petition that Bell simultaneously double-filed in the Sixth Circuit, the entire premise of Bell's legal argument, i.e. lack of federal territorial jurisdiction and subject matter jurisdiction, is without merit. The United States District Courts have original jurisdiction over all federal criminal offenses even when those offenses are not committed on land or property owned or controlled by the United States government. *United States v. Russell*, 30 Fed. Appx. 348, 351-52 (6th Cir. 2002); *United States v. Hamilton*, 263 F.3d 645, 655-56 (6th Cir. 2001); *United States v. DeAngelo*, 27 Fed. Appx. 329, 330 (6th Cir. 2001); *United States v. Patten*, 27 Fed. Appx. 329, 330 (6th Cir. 2001);*United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994); *Smith v. United States*, 2007 WL 160996, ** 5-6 (E.D. Tenn. Jan. 16, 2007).

Federal courts have original and exclusive jurisdiction over criminal offenses committed in violation of the laws of the United States of America pursuant to 18 U.S.C. § 3231, and the permission of the states is not a prerequisite to the exercise of that federal jurisdiction. *Russell*, 30 Fed. Appx. at 351; *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992); *United States v. Allen*, 954 F.2d 1160, 1165-66 (6th Cir. 1992); *Smith*, 2007 WL 160996, at ** 5-6. Article I, Section 8 of the United States Constitution grants Congress the power to create, define, and punish crimes committed against the United States of America irrespective of where those federal crimes are committed. *Russell*, 30 Fed. Appx. at 352; *Mundt*, 29 F.3d at 237.

6

One final point.  In his petition for writ of mandamus [Doc. No. 22], Bell in effect seeks to have this District Court issue a writ of mandamus to itself which is impossible.  As discussed *supra*, mandamus is defined as a "writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly."  *Coles*, 448 F.3d at 861 n. 2. The Court of Appeals for the Sixth Circuit is a superior court and it has the authority to issue writs of mandamus to compel lower federal district courts to take necessary  action.  However, this District Court has no authority pursuant to 28 U.S.C. § 1651 to issue a writ of mandamus to itself requiring this same District Court to dismiss the indictment, vacate Bell's judgment of conviction, and order Bell's release from federal imprisonment, which is the relief sought here by Bell.  To the extent that Bell petitions this District Court to issue a writ of mandamus to itself, this is a legal impossibility.

## IV.    Conclusion

Accordingly, for all of these reasons, Bell's petition for writ of mandamus seeking post-conviction relief [Doc. No. 22] is **DENIED**.

SO ORDERED.

ENTER this the 29th day of September, 2008.


                              */s/ R. Allan Edgar*
                              R. ALLAN EDGAR
                         UNITED STATES DISTRICT JUDGE